**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50495 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01494-AJB |
| v. | |
| ARTEMIO GONZALEZ-ANDRADE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 8, 2017**

Before:   REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Artemio Gonzalez-Andrade appeals from the district court's judgment and

challenges his jury-trial conviction for attempted reentry of a removed alien, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzalez-Andrade contends that the district court erred in failing to give a voluntary intoxication instruction sua sponte. As Gonzalez-Andrade acknowledges, we review this claim for plain error. *See United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). Because the trial transcript does not reflect an evidentiary basis to conclude that Gonzalez-Andrade was intoxicated, much less sufficiently intoxicated as to be unable to form the specific intent to enter the United States, the district court did not plainly err in failing to give the instruction. *See United States v. Fejes*, 232 F.3d 696, 702 (9th Cir. 2000); *see also United States v. Washington*, 819 F.2d 221, 225 (9th Cir. 1987) (district court did not err in failing to instruct on voluntary intoxication when testimony established that defendant's behavior during the offense was inconsistent with intoxication).

**AFFIRMED.**